# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | PLAINTIFF |
| | § | |
| V. | § | CAUSE NO. 1:09cv624-LG-RHW |
| | § | |
| $5,000 IN UNITED STATES CURRENCY | § | |
| and 2006 MERCEDES-BENZ CLS 500 | § | |
| VIN: WDDDJ75X96A065225 | § | DEFENDANT PROPERTIES |

## ORDER DENYING MOTION TO DISMISS

BEFORE THE COURT is Claimants Jarvis Dumario Johnson and Jeremy Shawn Platt's Motion to Dismiss Complaint for Forfeiture Pursuant to Rule 12(b)(6) [12]. The Plaintiff United States of America brought this action for forfeiture of $5,000 in United States currency and a 2006 Mercedes-Benz CLS 500 with a vehicle identification number of WDDDJ75X96A065225. Claimants argue that the Complaint fails to state a claim for forfeitability in connection with drug activity.

## FACTS AND PROCEDURAL HISTORY

The Complaint alleges that on February 25, 2009, Biloxi police conducted a routine traffic stop, on Interstate 10, of a truck driven by Steven Ullrich. During the stop, police noticed what Ullrich admitted was a push-rod, used to smoke crack cocaine. He admitted to smoking it earlier. As a result of the ensuing search, police found $11,400 stored behind the glove compartment. A drug canine indicated a positive alert for narcotics on the money. Ullrich ultimately told law enforcement that he was being paid by Platt to drive the truck from Florida to Texas, where another individual would take the truck from him and return it with marijuana stashed inside. Ullrich was then supposed to drive the truck back to Florida to Platt.

The Government further claims that early on the morning of March 25, Ullrich called and told police that Platt would be traveling in a black Mercedes, with a Florida license plate, with money in his car, and Ullrich was to follow Platt to Houston, Texas, where they would purchase marijuana. Once the alleged drug sale took place, Ullrich was supposed to transport the marijuana in his own truck back to Pensacola, Florida. He called several times that morning to allegedly give updates to the police of Platt and Ullrich's position along Interstate 10.

On this morning, it is alleged that Claimants were traveling from Pensacola to Houston along Interstate 10. Biloxi Police therefore executed a traffic stop when the Mercedes was allegedly speeding. Platt was driving the Mercedes, and Johnson was riding in the front passenger seat. After they were stopped, the police officer allegedly spotted marijuana residue on the Claimants' shirts, and they told him they had been smoking marijuana earlier. Further search turned up $5,000 in a to-go box on the front passenger seat. It is alleged that a drug dog indicated the presence of narcotics on the money. At first Johnson claimed the money was his, but he later denied it. Platt stated the money was Johnson's. Three cellular phones were also recovered. Platt claimed the Samsung and the Virgin Mobile. Both Claimants denied knowledge or ownership of the Nokia. A phone call occurred during this search on this phone and the caller asked for Platt. The call logs on the Samsung and Nokia revealed recent phone calls to Houston and to Ullrich. The Complaint makes forfeiture claims against the money and the car, under both money laundering and drug distribution statutes.

## DISCUSSION

In a civil forfeiture action, the Government's Complaint must include "facts supporting a reasonable belief that [the Government] will be able to bear its burden at trial." *United States v.*

*$49,000 Currency*, 330 F.3d 371, 376 n.8 (5th Cir. 2003). The Government's burden at trial "is to establish, by a preponderance of the evidence, that the property is subject to forfeiture." 18 U.S.C. § 983(c)(1). When "the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense." 18 U.S.C. § 983(c)(3).

"All . . . vehicles . . . which are used, or are intended for use, to . . . in any manner facilitate the transportation, sale, receipt, [or] possession . . . of" illegal controlled substances "shall be subject to forfeiture." 21 U.S.C. § 881(a)(4). "All moneys . . . intended to be furnished by any person in exchange for a controlled substance . . . in violation of this subchapter" are subject to forfeiture as well. 21 U.S.C. § 881(a)(6).

Claimants argue that the Complaint is insufficient because Ullrich is not a credible witness, "there were no evidence substantially connecting [Claimants] to drug activity," and the Affidavit attached to the Complaint contains hearsay. (Claimants' Mot. to Dismiss at 4). These arguments attack the credibility and admissibility of the evidence, not the sufficiency of the allegations in the Complaint. "No complaint may be dismissed on the ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property." 18 U.S.C. § 983(a)(3)(D). Rather, the Court must assess whether the Complaint contains facts which support a reasonable belief that the Government will be able to prove forfeitability by a preponderance of the evidence at trial. The Court finds the Complaint meets that standard. There are sufficiently detailed facts, which reasonably support the belief that the Government will be able to prove, by a preponderance of the evidence, that the money

was intended to be furnished to purchase marijuana and that the Mercedes was being used to facilitate this attempted sale.

**IT IS THEREFORE ORDERED AND ADJUDGED**, that for the reasons stated above, Claimants Jarvis Dumario Johnson and Jeremy Shawn Platt's Motion to Dismiss Complaint Pursuant to Rule 12(b)(6) [12] should be and is hereby **DENIED.**

**SO ORDERED AND ADJUDGED** this the 23rd day of April, 2010.

                                               s/ *Louis Guirola, Jr.*
                                               LOUIS GUIROLA, JR.
                                               UNITED STATES DISTRICT JUDGE